UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KENYA WARD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. |
| ) | |
| ) | |
| LAZEGA & JOHANSON, LLC ) | |
| ) | |
| Defendant, ) | |

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

KENYA WARD, ("Plaintiff"), through the undersigned counsel, LAZEGA & JOHANSON, LLC, alleges the following against LAZEGA & JOHANSON, LLC, ("Defendant"):

INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Kenya Ward, an individual consumer, against Defendant, Lazega & Johanson, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

## PARTIES

3. Plaintiff, Kenya Ward, is a natural person with a permanent residence in Atlanta, Fulton County Georgia.

4. Upon information and belief the Defendant, Lazega & Johanson, LLC, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business in this District located at 3520 Piedmont Road NE, Suite 415, Fulton County, Atlanta GA 30305. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff on or before March 3, 2011.

7. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. On or before April 20, 2001 but after March 3, 2011, Defendant, in connection with the collection of an alleged debt, did state to the Plaintiff, "You're about to be sued and they are going to garnish you."

9. On or before April 20, 2001 but after March 3, 2011, Defendant, in connection with the collection of an alleged debt, did state to the Plaintiff, "There is a claim filed with the U.S. Government."

10. Upon information and belief, as of June 10, 2011, a suit against plaintiff for the alleged debt has not been filed.

11. Upon information and belief, as of June 10, 2011,"a claim" has not been filed with the U.S. Government in reference to the alleged debt being unpaid.

## CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and
>
> (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and
>
> (c) Defendant violated *§1692e(1)* of the FDCPA by giving the false representation or implication that the Defendant is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof; and
>
> (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and
>
> (e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt and/or obtaining information concerning the Plaintiff; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

14. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Kenya Ward, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff KENA WARD respectfully requests that judgment be entered against Defendant, LAZEGA & JOHANSON, LLC, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

<u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, KENYA WARD, demands trial by jury in this action.

[ELECTRONIC SIGNATURE ON FOLLOWING PAGE]

This 14th day of June, 2011.

        Respectfully submitted,

        ALEX SIMANOVSKY & ASSOCIATES LLC

        */s/ Alex Simanovsky*
        Alex Simanovsky, Esq.
        GA Bar No. 646874
        Alex Simanovsky & Associates, LLC
        2300 Henderson Mill Road
        Suite 300
        Atlanta, GA 30345
        (770) 414-1002
        alex@fdcpalawyeronline.com

        *Attorney for Plaintiff*